# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 14-13409 |
| | ) | |
| KENNEDY MEDICAL SERVICE CORPORATION, | ) ) ) | Chapter 7 |
| | ) | Honorable Deborah L. Thorne |
| Debtor. | ) ) | |
| | ) | Hearing Date:   June 14, 2016 |
| | ) | Hearing Time:   10:00 a.m. |
| | ) | Courtroom:      613 |

## COVER SHEET FOR FIRST AND FINAL FEE APPLICATION OF LAW OFFICES OF WILLIAM J. FACTOR, LTD

| | |
|---|---|
| Name of Applicant: | Law Offices of William J. Factor, Ltd. |
| Authorized to Provide Professional Services to: | Miriam R. Stein, not individually, but as the Chapter 7 Trustee of the bankruptcy estate of Kennedy Medical Service Corporation |
| Period for Which Compensation is Sought: | June 11, 2015 through April 7, 2016 |
| Amount of Fees Sought: | $     4,100.00 |
| Amount of Expense Reimbursement Sought: | $     260.00 |
| This is a: | First and Final Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $   0.00   .

{STEIN/GENERAL/00046085.DOCX/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: | ) | No. 14-13409 |
|---|---|---|
| | ) | |
| KENNEDY MEDICAL SERVICE CORPORATION, | ) | Chapter 7 |
| | ) | |
| | ) | Honorable Deborah L. Thorne |
| Debtor. | ) | |
| | ) | **Hearing Date:** June 14, 2016 |
| | ) | **Hearing Time:** 10:00 a.m. |
| | ) | **Courtroom:** 613 |

## NOTICE OF HEARING

**Please take notice** that on **June 14, 2016, at 10:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Deborah L. Thorne, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 613 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, or any other judge sitting in her place and stead, and shall then and there present the attached **First and Final Fee Application of The Law Offices of William J. Factor Ltd.**, a copy of which is attached hereto and herewith served upon you. You may appear if you so choose.

Dated: May 13, 2016                  Respectfully submitted,

                                     MIRIAM R. STEIN, solely as Chapter 7 trustee
                                     of the bankruptcy estate of KENNEDY
                                     MEDICAL SERVICE CORPORATION,

                                     By:    /s/    Zane L. Zielinski
                                            One of her attorneys

Zane Zielinski (6278776)
*OF COUNSEL*
**Law Offices of William J. Factor Ltd.**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:   (847) 239-7248
Fax:   (847) 574-8233
Email: zzielinski@wfactorlaw.com

{STEIN/GENERAL/00046085.DOCX/}                  1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**KENNEDY MEDICAL SERVICE CORPORATION,**<br><br>Debtor. | Chapter 7<br><br>Bankruptcy No. 14-13409<br><br>Honorable Deborah L. Thorne |

**FIRST AND FINAL FEE APPLICATION OF LAW OFFICES OF WILLIAM J. FACTOR, LTD. AS COUNSEL TO MIRIAM R. STEIN, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF KENNEDY MEDICAL SERVICE CORPORATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Miriam R. Stein, not individually, but as Chapter 7 trustee (the "*Trustee*") of the bankruptcy estate of **Kennedy Medical Service Corporation** (the "*Debtor*"), hereby submits her first and final application (the "*Application*"), pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1), seeking compensation totaling $4,100 for legal services performed by the Law Office of William J. Factor d/b/a/ FactorLaw ("*FactorLaw*"), counsel to the Trustee, during the period of June 11, 2015, through and including April 7, 2016 (the "*Application Period*") and $260.00 in expenses incurred in connection with those services. In support of its Application, FactorLaw respectfully states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "*Case*") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

## BACKGROUND

4. April 10, 2014, the Debtor filed a petition for relief under chapter 7 of title 11, United States Code (11 U.S.C. §§ 101, *ff.*, the "*Bankruptcy Code*"), in the United States Bankruptcy Court for the Northern District of Illinois, thereby giving rise to this Case and Estate.

5. The Trustee was appointed as the trustee of the Estate and authorized to administer all property of the Estate.

6. The Trustee conducted a meeting pursuant to Section 341 of the Bankruptcy Code on or about June 2, 2014, and thereafter entered a no asset report in the Case.

7. On or about September 2, 2014, the Case was closed and the Trustee discharged.

8. On June 23, 2015, this Court entered an order reopening the case, and the Trustee was thereafter reappointed.

9. The Trustee has collected funds from the Debtor's bank account (the "Bank Funds"), and determined that would be the sole asset that the Trustee will administer.

10. Outside of the Bank Funds, the Trustee and Trustee's counsel discussed pursuing other transfers, but due to the fact that there were only two creditors in the case, the Trustee elected to close the case as quickly as possible and distribute to creditors.

## MEDICARE CLAIM

11. The only significant legal work, outside of re-opening the chapter 7 case, involved resolving claims filed in this Case.

12. Medicare filed a secured claim in the amount of $562,203.70, docketed as Claim No. 2 (the "Claim").

13. Trustee's counsel investigated the claim, and the basis for its secured status.

14. Eventually, Medicare's counsel and the Trustee's counsel agreed that for distribution purposes, that the Trustee would treat the Claim as a general unsecured claim without prejudice to Medicare's right to assert a security interest in any other asset.

## FEE APPLICATION

15. To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

**I.   Services Performed**

*A. Administration*                                                                                          *$1,895*

FactorLaw spent 7.60 hours at a cost of $1,898 on issues related to reopening the bankruptcy case, seeking the turnover of funds, reviewing potential avoidance actions. Factorlaw has billed 1 hour for preparing their final fee application which represents approximately 8% of the total fees requested.

*B. Medicare Claim*                                                                                          *$2,205*

FactorLaw spent 6.3 hours at a cost of $2,205 reviewing and resolving the secured claim of Medicare. Medicare had asserted a lien against property of the Trustee's estate, and counsel resolved the lien.

**II.   Attorneys Providing Services for this Estate**

Zane L. Zielinski (ZZ) is of counsel at FactorLaw. Prior to attending law school, Mr. Zielinski worked for Chicago Title and Trust Company. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board of the Chicago-Kent Law Review and was elected to the Order of the Coif. Mr. Zielinski specializes in bankruptcy law,

real estate law, and has represented trustees, debtors and creditors in bankruptcy cases. Mr. Zielinski has been involved in the day-to-day representation of the Trustee.

Ariane Holtschlag (AH) is an associated at Factorlaw. She specializes in representing Bankruptcy Trustees and Debtors.

### III. Calculation of Time and Fees

The Trustee filed his application employ Zane L. Zielinski and FactorLaw as Counsel to the Trustee. *See* Dkt. No. 16. The application was granted on July 8, 2015. *See* Dkt. No. 17.

This is the Trustee's first and final application for compensation and reimbursement of fees and expenses incurred by FactorLaw during the Application Period.

FactorLaw's professionals spent a total of 13.9 hours providing necessary legal services for the Trustee. As a result, FactorLaw requests compensation in the amount of $4,100 for actual, necessary legal services performed.

FactorLaw maintains contemporaneous written records of the time expended by its professionals and expenses incurred. Copies of such records for this Case are grouped and attached hereto as an **Exhibit A.**

Factorlaw has incurred $260 in expense related to this case, which was the fee for reopening the bankruptcy case.

The hourly rates charged are the regular hourly rates charged by the firm to its clients. The average hourly rate is $294.96, when taken into account FactorLaw's voluntary reduction of .7 hours.

FactorLaw does not bill its clients or seek compensation in this Application for its overhead expenses.

FactorLaw worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was either a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

No agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received in connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

Further, FactorLaw represents that it is and remains a disinterested party and does not hold any relationship adverse to the Estate.

## BASIS FOR THE REQUESTED RELIEF

Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach

provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

The Seventh Circuit has mandated that an "attorney's actual billing rate ... is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is *strongly presumed* to be the market rate for his or her services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), *cert. denied*, 532 U.S. 1066 (2001).

Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

The average hourly billing rate for the attorneys who performed the Services—that is, the "lodestar" rate—is $294.96. This average rate is fair and reasonable in light of the services provided and the experience of FactorLaw's professionals. Moreover, the compensation requested by the FactorLaw is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

**WHEREFORE**, FactorLaw respectfully requests that this Court enter an Order: (a) allowing FactorLaw compensation for actual, necessary legal services in the amount of $4,100;

(b) authorizing the reimbursement of actual and necessary expenses of $260.00; (c) authorizing the Trustee to pay FactorLaw's compensation and expense in the amount of $4,360; and (d) granting such other relief as the Court deems just and equitable.

Dated: April 12, 2016

Respectfully submitted,

MIRIAM R. STEIN, solely as Chapter 7 trustee of the bankruptcy estate of KENNEDY MEDICAL SERVICE CORPORATION,

By: ___/s/___ Zane L. Zielinski___
One of her attorneys

Zane Zielinski (6278776)
*OF COUNSEL*
**Law Offices of William J. Factor Ltd.**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (847) 239-7248
Fax:   (847) 574-8233
Email: zzielinski@wfactorlaw.com